IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE LEWIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JACK W. WISE, N.D., LINDA WISE, )<br>JEROME EDWARD BLOCK, M.D., )<br>JONATHAN NEFF, P.C., JONATHAN NEFF, )<br>and INTEGRATIVE MEDICAL CENTER OF )<br>TULSA, LLC, an Oklahoma Limited Liability )<br>Company, jointly and severally, )<br>)<br>Defendants. ) | Case No. 07-CV-480-GKF-SAJ |

**O P I N I O N   A N D   O R D E R**

This matter comes before the court on the Neff defendants' Second Motion to Dismiss [Doc. No. 41] and defendant Jerome Edward Block, M.D.'s Second Motion to Dismiss [Doc. No. 44]. Pursuant to Fed.R.Civ.P. 12(b)(1), both motions seek dismissal of the state law claims alleged in the suit for lack of subject matter jurisdiction. The Neff defendants also seek dismissal of all claims against them for failure to state a claim under Rule 12(b)(6). Block seeks dismissal of the fraud claim against him pursuant to Rule 12(b)(6).

The court finds it lacks supplemental jurisdiction over all state claims asserted by plaintiff except Count V against defendants Neff. With respect to Count V, the court finds that plaintiff has failed to state a claim upon which relief can be granted. Therefore the defendants' motions [Doc. Nos. 41 and 44] are granted.

Plaintiff filed this whistle blower retaliation case under the Civil False Claims Act, 31 U.S.C. §3730(h) after she was terminated on or about August 23, 2007, by her employer,

Integrative Medical Center of Tulsa, LLC ("IMCOT"). Plaintiff alleges she was fired because she complained about violations by IMCOT of numerous federal statutes, including Medicare fraud. [Doc. No. 38, ¶26.] IMCOT is the sole defendant named in Count I, "Whistle Blower Retaliation," of the Amended Complaint. [*Id.* ¶31].

Plaintiff has brought the following pendent state claims:

- Count II for fraud against IMCOT, Neff, Block and Wises,
- Count III for breach of contract against IMCOT and Wises
- Count IV for negligence against Neff,
- Count V for breach of implied (fiduciary) duty against Neff, and
- Count VI for intentional infliction of emotional distress against IMCOT, Wises, Block and Neff.

All but one of the state counts appear to arise solely from plaintiff's allegations that the Wises and Block, during negotiations commencing in late 2006, agreed to make her a part owner of IMCOT. [*Id.* ¶8]. Attorney Jonathan Neff, who represented IMCOT, allegedly participated in negotiations and drafted agreements related to the business. [*Id.* ¶¶10, 12, 13, 15]. Plaintiff claims IMCOT, the Wises, and Dr. Block induced her to invest $100,000 in IMCOT by promising her that she would become a fifty-fifty partner, would inherit IMCOT when Dr. Wise died, would be added to all accounts and legal paperwork, would be paid an annual salary of $1.5 million, would be a permanent employee, would receive $55,000 for taxes by April of 2008, would be paid for expenses and mileage, would be given back pay for work she had performed in the amount of $10,000 per month, and would be given a car of her choice with expenses paid. [*Id.* ¶12]. Plaintiff claims these promises were never fulfilled and "the $100,000 was purged" by

the Wises, Block and IMCOT. [*Id.* ¶¶16,25, 36-37, 38-39]

Plaintiff also claims that in the summer of 2007, she became concerned that IMCOT was engaging in illegal conduct, including Medicare fraud, practicing medicine without a license and HIPPA violations and that, as a result, she complained first orally and then, on July 27, in writing. [*Id.* ¶¶ 17-19, 26] Plaintiff further alleges :

> As a result of the concerns expressed in the letter as well as oral concerns expressed by Plaintiff, Defendant Neff was contacted by IMCOT. Defendant Neff came to IMCOT, met with Plaintiff for approximately 2 ½ hours and consulted with Plaintiff regarding her concerns. At no point in time did Neff advise Plaintiff that he represented IMCOT nor did he instruct her that he could not talk to her about her complaints nor was Plaintiff advised to seek independent counsel. Plaintiff believed that Neff was representing her interest and would provide advice to her and that such advice would be independent and free of any conflict....Neff suggested that Plaintiff take a much-needed vacation and further suggested that she had mental problems.

[*Id.* ¶20]. Plaintiff contends she was fired in retaliation for making these complaints [*Id.* ¶¶ 21-23, 26, 31-35].

## I. Rule 12(b)(1) Motions

Plaintiff asserts jurisdiction of the state law claims is appropriate under 28 U.S.C. §1367(a), which provides in part:

> ...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

The federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that "derive from a common nucleus of operative fact" such that the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." *City of Chicago v. International College of*

*Surgeons,* 522 U.S. 156, 164-65, 118 S.Ct. 523, 529 (1997); *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966). Thus, this court's inquiry must focus on whether the federal claim and the state claims have one "common nucleus of operative fact." *Id.* Further, the facts which operate to give rise to the federal claim must be the facts which operate to give rise to the state claim. *See, e.g., Mason v. Richmond Motor Co., Inc.,* 625 F.Supp. 883, 886-87 (E.D.Va. 1986), *aff'd* 825 F.2d 407 (4th Cir. 1987).

Plaintiff's Amended Complaint alleges two separate sets of operative facts. First, she contends that defendants duped her into investing in IMCOT and working for it by promising her an ownership interest, a handsome salary, permanent employment and perks. This activity took place in late 2006 and early 2007. Second, she contends that on or about August 23, 2007, IMCOT fired her in retaliation for complaints she made about suspected Medicare fraud. She claims that IMCOT's attorney Neff, talked to her for 2 ½ hours about her complaint. Count V against Neff appears to be based, in part, on her allegations in ¶20 of the Amended Complaint. Otherwise, plaintiff makes no factual allegations linking the other individual defendants to the retaliatory discharge claim.

The court finds that it lacks subject matter jurisdiction over all state claims against defendants except Count V, to the extent it relates to the factual allegations made in ¶20 about Neff's meeting with her concerning her complaint of Medicare fraud.

### Neff Defendants' Rule 12(b)(6) Motion

The Neff defendants contend the Amended Complaint has failed to state a claim upon which relief can be granted with respect to Count V, breach of fiduciary duty.

In *Bell Atlantic Corp. v. Twombly*, the court ruled that to withstand a Rule 12(b)(6)

4

motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."___ U.S. ___,___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss, plaintiffs must nudge their claims "across the line from conceivable to plausible." *Id.* Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit Court of Appeals, applying *Twombly,* has held that the standard is whether, accepting the allegations as true, they establish that the plaintiff plausibly, and not just speculatively, has a claim for relief. *Robbins*, 519 F.3d at 1247. "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id*. at 1248.

Plaintiff has not alleged Neff was her attorney or that she and Neff had any other relationship that would give rise to any duty on his part toward her. *See, e.g., Leak-Gilbert v. Fahle,* 55 P.3d 1054 (Okla. 2002) (addressing attorney's duty to beneficiaries of a will). Therefore, the court finds plaintiff has failed state a claim for relief under Count V that is plausible on its face.

## Conclusion

For the reasons set forth above, the Neff defendants' Motion to Dismiss Second Amended Complaint [Doc. No. 41] and Block's Motion to Dismiss Second Amended Complaint

[Doc. No. 44] are both granted. The pendent state claims, Count II-VI, are dismissed.

ENTERED this 5th day of December, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma